**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

July 17, 2020

LETTER TO COUNSEL

RE: *Shawn S. v. Saul*
Civil No. DLB-19-1188

Dear Counsel:

On April 23, 2019, Plaintiff Shawn S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's response. ECF No. 13 ("Pl.'s Mot."), ECF No. 17 ("Def.'s Mot."), ECF No. 18 ("Pl.'s Resp."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on August 13, 2015, alleging a disability onset date of March 25, 2014. Administrative Transcript ("Tr.") 295. Her claim was denied initially and on reconsideration. Tr. 123-25, 130-31. A hearing was held on June 5, 2018, before an Administrative Law Judge ("ALJ"). Tr. 50-83. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 30-44. The Appeals Council denied Plaintiff's request for review, Tr. 6-13, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "anxiety disorder, borderline intellectual functioning, bipolar disorder, learning disability, schizophrenia, and depression." Tr. 32. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform simple, routine, repetitive work, in an environment with few, if any, workplace changes. She can occasionally interact with supervisors and coworkers. She can have incidental contact with the public, but cannot provide direct customer service.

Tr. 37. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a cashier, but that she could perform other jobs existing in significant numbers in the national economy. Tr. 42-43. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 44.

Plaintiff raises one argument on appeal: that the ALJ's decision does not comply with the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). I agree. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. That functional area "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(E)(3) (2018). The Social Security regulations define a "moderate limitation" as the "fair" ability to function "independently, appropriately, effectively, and on a sustained basis." *Id.* § 12.00(F)(2). In comparison, a "mild limitation" reflects a slightly limited functional ability, and a "marked limitation" reflects a seriously limited functional ability. *Id.*

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.* The Court recently reiterated that *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) (finding that the ALJ adequately explained the RFC's mental limitations where the RFC did not include a specific limitation addressing the plaintiff's moderate limitation in concentration, persistence, or pace).

Here, the ALJ found that Plaintiff had moderate limitations in maintaining concentration, persistence, or pace. Tr. 35. The ALJ's analysis stated:

> The claimant complained of problems with anxiety and difficulty concentrating. She reported having panic attacks, but only about twice per month. Although the claimant was noted to have well-below average processing speed, she was not documented to have serious ongoing difficulty with her concentration. Her concentration was fair to good at every psychiatric evaluation between September 2017 and April 2018, apart from a single evaluation at which she was noted to be easily distracted. Furthermore, the claimant was not documented to exhibit behavior that would be disruptive or to make ongoing complaints of significant exacerbations of psychiatric symptoms that would cause her to need breaks or to be absent. The claimant did not describe serious difficulty performing familiar tasks in her ongoing psychiatric treatment, testified she was able to independently care for her young child, and reported tending to regular household cooking and cleaning. She did not report continued problems with drowsiness or medication side effects. The undersigned finds the claimant's significant reported activities, her sporadic and conservative psychiatric treatment, and these objective findings, weigh against a finding of a marked limitation in the abilities to focus attention on work activities and stay on task at a sustained rate. For these reasons, the claimant has only a moderate limitation with regard to concentrating, persisting, or maintaining pace.

*Id.* (internal citations removed).

The RFC analysis contains a summary of Plaintiff's testimony, medical records, and opinion evidence. Tr. 38-42. The ALJ summarized Plaintiff's mental health treatment as "somewhat sporadic" with some improvement and noted that Plaintiff "did not require urgent or more aggressive mental health treatment." Tr. 42. Regarding the RFC, the ALJ explained that it was "supported by the combination of the claimant's impairments, which would reasonably limit her to unskilled work that is low stress in that it is routine and repetitive, with few, if any, workplace changes, and significantly limited social interactions." Tr. 42. However, *Mascio* requires that, in the absence of an RFC limitation to accommodate a claimant's moderate difficulties maintaining concentration, persistence, or pace, the ALJ is required to explain why no such limitation is required. 780 F.3d at 638. The ALJ has not provided such an explanation here.

The Commissioner argues that, "[a]s in *Shinaberry*, 952 F.3d 113, the mental limitations here account for Plaintiff's particular difficulties, as sufficiently explained by the ALJ." Def.'s Mot. 7. The Fourth Circuit affirmed the ALJ's decision in *Shinaberry* because the ALJ "sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for Shinaberry's borderline intellectual disability and her moderate limitations in her concentration, persistence or pace." 952 F.3d at 121. The Court pointed to the ALJ's detailed discussions of the State agency psychological evaluations and Shinaberry's statements, and the fact that Shinaberry "had been gainfully employed for decades despite her mental limitation." *Id.* at 122. This case is significantly different than *Shinaberry*.

The Commissioner points to several citations to the record in the ALJ's decision that he contends provide a sufficient explanation, including to the State agency consultants' reports. Def.'s Mot. 6. Both State agency consultants found that Plaintiff had moderate limitations in concentration, persistence, and pace, Tr. 101, 116, and the consultant on reconsideration opined that Plaintiff could "sustain CPP for SRRTs in a routine, low social setting," Tr. 116. Although the ALJ assigned weight to their opinions, she did not summarize or note any substance of their opinions:

> The undersigned considered the assessments of the State agency psychological consultants. While such consultants are deemed by regulation to be highly qualified experts in Social Security disability determination they are not examining sources. Moreover, additional evidence, including the claimant's testimony, was subsequently received. For these reasons, their assessments are given only some weight.

Tr. 41. This discussion does not give any insight into the ALJ's RFC assessment process. The Court is left to guess as to whether the ALJ found that Plaintiff was more or less limited than the State agency consultants opined, and if so, how.

The Commissioner also cites to a psychiatric evaluation, psychological testing, a normal mental status examination, and a demonstration of intact memory, Def.'s Mot. 6 (citing Tr. 427, 430, 436, 525), as evidence of the ALJ's compliance with *Mascio*. The inclusion of these records fails to cure the *Mascio* problem. Although the ALJ cited to those records, she did not discuss them in the context of Plaintiff's ability to concentrate, persist, or maintain pace. *See, e.g.* Tr. 39 ("On examination, the claimant was appropriately dressed and groomed, with normal attention, although variable concentration."). The Commissioner is correct that the ALJ summarized Plaintiff's most recent treatment records, Def.'s Mot. 6 (citing Tr. 545-48), but the ALJ did not discuss the records' notations that Plaintiff's concentration was "fair," Tr. 40-41. Nor is it clear whether the ALJ found that the treatment records' notations of "fair" concentration supported Plaintiff's RFC. In the absence of such an explanation, I am unable to determine whether the RFC assessment would permit a person with Plaintiff's limitations to sustain a competitive pace of work. In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

For these reasons, Plaintiff's Motion for Summary Judgment, ECF No. 13 is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 17, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge